**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1649
_____

PETER J. POLANCO,
Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Ct. No. 23632-15)
Tax Court Judge: Richard T. Morrison
_____

Submitted Pursuant to Third Circuit LAR 34.1
September 22, 2017
Before: RESTREPO, SCIRICA and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed September 22, 2017 )
_____

OPINION*
_____

PER CURIAM

     Peter Polanco, proceeding <u>pro se</u>, appeals an order of the United States Tax Court

determining a tax deficiency and penalty owed to the Internal Revenue Service ("IRS").

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

For the reasons that follow, we will affirm the judgment of the Tax Court.

Polanco filed a joint federal income tax return for the tax year 2013. It is undisputed that Polanco did not report income he received in the amount of $149,062. On June 22, 2015, the IRS issued a notice of deficiency to Polanco and his wife. The notice set forth a deficiency of $28,864 and a penalty of $5,103. Polanco filed a petition challenging the notice of deficiency. He stated that the IRS had already determined that no action was necessary with respect to his account. The Tax Court held a trial and Polanco asserted that letters he and his wife had received from the IRS dated March 13, 2015, September 26, 2016, and September 30, 2016, precluded the IRS from issuing the notice of deficiency.

The Tax Court upheld the deficiency and penalty. In an oral opinion, the Tax Court explained that 26 U.S.C. § 7121 sets forth the exclusive means by which the IRS and a taxpayer may enter into a final agreement regarding tax liability, and that IRS regulations require such an agreement to be set forth on one of two forms. The Tax Court ruled that the letters relied upon by Polanco did not constitute such an agreement. The Tax Court also explained that, even if the letters were binding, it could not determine what they mean because it did not have all of the correspondence between the IRS and the Polancos. This appeal followed.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We review the Tax Court's legal conclusions de novo and its factual findings for clear error. Anderson v.

2

Comm'r of Internal Revenue, 698 F.3d 160, 164 (3d Cir. 2012).

Polanco reiterates on appeal that the three letters from the IRS preclude the notice of tax deficiency. He asserts that the letters relate to the 2013 tax year and that the matter should not have gone to trial. We agree with the Tax Court that it is not clear what the letters mean. The March 13, 2015 letter thanked the Polancos for correspondence received on December 29, 2014, and stated that the IRS had reviewed the information provided and determined that no action was necessary on their account. The letter refers to the tax period ending December 31, 2014. The September 26, 2016 letter is addressed to Polanco's wife and thanked her for her inquiry of July 22, 2016. The IRS stated that it had sent her a letter in error thanking her for information she had sent and explaining that it would contact her, and that it had resolved the issue on her account and did not need to take any further action. The September 30, 2016 letter is also addressed to Polanco's wife. This letter also responded to her July 22, 2016 inquiry and is essentially the same as the September 26, 2016 letter. The latter two letters refer to the tax period ending December 31, 2013.

Polanco did not provide the correspondence he and his wife sent to the IRS and did not satisfy his burden of proving that the deficiency determination is incorrect. See Duquesne Light Holdings, Inc. & Subsidiaries v. Comm'r of Internal Revenue, 861 F.3d 396, 403 (3d Cir. 2017) (noting taxpayer's burden of proof). Moreover, Polanco does not challenge on appeal the Tax Court's conclusion that the letters do not constitute agreements entered into under 26 U.S.C. § 7121, which authorizes the Secretary of the Treasury to enter into a written agreement regarding taxpayer liability. See Sunik v.

3

Comm'r of Internal Revenue, 321 F.3d 335, 337 (2d Cir. 2003) (agreements under § 7121 regarding taxpayer liability must be executed on forms prescribed by IRS).

Accordingly, we will affirm the

4